UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SALVADOR DIAZ-VERSON, JR.,

    Plaintiff,

v.                                Case No. 8:11-cv-852-T-17TBM

AFLAC INCORPORATED,

    Defendant.
                                                        /

## REPORT AND RECOMMENDATION

THIS MATTER is before the court for a Report and Recommendation on **Defendant Aflac Incorporated's Motion to Dismiss** (Doc. 5), **Defendant Aflac Incorporated's Supplemental Motion to Dismiss** (Doc. 13), and Plaintiff's responses in opposition (Docs. 12, 16). A hearing on the motions was conducted January 5, 2012. For the reasons that follow, I recommend Defendant's motions be granted and this case dismissed.

I.

This action was commenced with the filing of a Complaint for Declaratory Relief in which the Plaintiff, Salvador Diaz-Verson, Jr., seeks a determination from this court that his retirement funds may not be withheld by his former employer, Aflac Incorporated ("Aflac Inc."), for payment to a garnishor. Plaintiff, who is proceeding pro se, submits that funds or benefits from a pension or retirement program are exempt from garnishment under Georgia law. (Doc. 1). Plaintiff alleges that he is a citizen of Florida and that Defendant is located in Columbus, Georgia; that he was formerly employed by Aflac Inc.; since his retirement he has

been receiving bi-monthly payments pursuant to a retirement plan; and that, beginning in August 2010, Aflac Inc. began withholding twenty-five percent or more of Plaintiff's retirement funds for payment to a garnishee (sic). (Doc. 1, ¶¶ 4-6). Plaintiff alleges that Defendant has wrongfully withheld in excess of $102,000 of Plaintiff's retirement funds. *Id.*, ¶¶ 7, 11. He has requested Defendant to stop withholding funds because his retirement funds are exempt from garnishment under Georgia law,[1] but Defendant has refused to stop withholding funds. *Id.*, ¶¶ 9-10. As a result, Plaintiff alleges he has been damaged in an amount in excess of $102,000 and he requests a declaration from this court that retirement funds to which he is entitled to be paid by Aflac Inc. are exempt from garnishment and that said funds should be turned over, in total, directly to Plaintiff. *Id.*, ¶ 11.

By its motion to dismiss (Doc. 5), filed pursuant to Fed. R. Civ. P. 12(b)(2) and (5), Defendant urges that the court lacks personal jurisdiction over Aflac Inc., and that the *Brillhart* doctrine dictates the court abstain from considering the matter because of parallel state litigation,[2] and that Plaintiff's Complaint should be dismissed based upon insufficient

---

[1]Plaintiff cites to Georgia law which provides, in pertinent part, that "[f]unds or benefits from a pension or retirement program as defined in 29 U.S.C. Section 1002(2)(A) or funds or benefits from an individual retirement account as defined in Section 408 or 408A of the United States Internal Revenue Code of 1986, as amended, shall be exempt from the process of garnishment until paid or otherwise transferred to a member of such program or beneficiary thereof. Such funds or benefits, when paid or otherwise transferred to the member or beneficiary, shall be exempt from the process of garnishment only to the extent provided in Code Section 18-4-20 for other disposable earnings, unless a greater exemption is otherwise provided by law." GA. CODE ANN. § 18-4-22 (West 2006).

[2]The Georgia state court action has since been dismissed. *See* (Doc. 12 at 5). Thus, the court need not address Defendant's *Brillhart* argument as no pending state court litigation currently exists which would give rise to a question of abstention.

The dismissal was pursuant to a settlement agreement. Plaintiff claims the right to sue

2

service of process.[3] At the hearing, counsel for the defense clarified that the issues that remain for the court's determination are personal jurisdiction and venue. On its first argument regarding personal jurisdiction, Defendant alleges that Aflac Inc. is a Georgia citizen with its principal place of business in Columbus, Georgia, and that Plaintiff is a former employee of Aflac Inc. Because Aflac Inc. is a non-resident, there must be a jurisdictional basis under Florida's long-arm statute which Defendant urges is lacking here. In support, Defendant submits the affidavit of J. Matthew Loudermilk, assistant corporate secretary of Aflac Inc., who attests that Aflac Inc. has never operated, conducted, engaged in or carried on business in Florida; Aflac Inc. is not registered to do business in the State of Florida; Aflac Inc. is not licensed to do business in Florida; Aflac Inc. does not maintain offices, own or lease real property in Florida; Aflac Inc. does not have employees or officers in Florida; Aflac Inc. has not committed a tort in Florida; Aflac Inc. has not breached a contract in Florida; and Aflac Inc. has not maintained any substantial contacts with Florida. *See* (Doc. 5-1 at 2-4). Mr. Loudermilk identifies Aflac Incorporated (the Defendant here) as the parent company of American Family Life Assurance Company of Columbus ("Aflac of Columbus") which is a separate corporate entity registered to do business and doing business in Florida. (Doc. 5-1 at 4). Defendant argues that Plaintiff fails to allege any basis to give rise to this court's personal

---

in this court under that agreement. (Doc. 17, ¶ 5). At the hearing, the court accepted as an exhibit, under seal, a copy of the parties' confidential settlement agreement regarding the state court action. Dft.'s Exh. 1. Having reviewed the pertinent provisions of the agreement, I conclude that Plaintiff overstates the terms in the agreement and that Aflac Inc. did not waive any personal or subject matter jurisdiction arguments it could assert to the instant action.

[3]At the hearing, defense counsel acknowledged that insufficient service of process was no longer an issue.

jurisdiction over Aflac Inc. or to establish that Aflac Inc. maintained sufficient minimum contacts with Florida to support such personal jurisdiction under the Fourteenth Amendment. Because Plaintiff has failed to meet his burden of establishing sufficient facts to support the exercise of personal jurisdiction over Defendant, the Defendant requests the court dismiss Plaintiff's Complaint.

Plaintiff responds that this court has jurisdiction on the basis of diversity of citizenship since Aflac Inc. is a Georgia citizen, Plaintiff is a Florida citizen, and the amount in controversy, as alleged in the Complaint, exceeds $75,000.00. Plaintiff alternatively argues that issues pertaining to the interpretation and application of ERISA, particularly, 29 U.S.C. § 1002(2)(A) regarding retirement plans, provide an additional basis for federal court jurisdiction. As for this court's personal jurisdiction over Defendant, Plaintiff submits that Defendant conducts business in the State of Florida and/or breached a contract in this state such that the jurisdiction of Florida courts is invoked. In support of his contention that Defendant conducts business in the State of Florida, and specifically in the Middle District, Plaintiff attaches a Sarasota telephone book listing which includes a local telephone number for "AFLAC District Office." (Doc. 12 at 7). Additionally, at oral argument, Plaintiff urged that Aflac Inc. is a publicly-traded company that sells stock in the State of Florida, thus subjecting it to the jurisdiction of Florida courts.

Defendant filed two additional affidavits in response to Plaintiff's argument regarding the existence of an "AFLAC District Office" being located in Sarasota, Florida, as identified in the yellow page listings. *See* (Doc. 20). In sum, the affiants attest that they are or

were independent contractors (not employees) of Aflac of Columbus and that they are not or were not contracted or affiliated with the Defendant, Aflac Inc. At the hearing, Plaintiff admitted he had no additional evidence to counter these statements other than his own experience that when he worked for Aflac Inc., there was no distinction between the parent company and the various subsidiaries and that the corporate officers of the parent and subsidiaries were the same. At arguments, the Defendant responded that Plaintiff was involved in the company nearly twenty years ago. The Loudermilk affidavit (Doc. 5-1) refutes any contention that Aflac Inc. does business in Florida at present or otherwise has subjected itself to the jurisdiction of the Florida courts. As to the issue of Aflac Inc.'s sale of stock in the State of Florida, Defendant responded that such does not provide personal jurisdiction, nor does it even give rise to minimum contacts where, as here, the matters at issue do not involve a sale of stock.

Defendant's Supplemental Motion to Dismiss additionally urges the case be dismissed because Plaintiff is unable to show that venue is proper in the Middle District of Florida. (Doc. 13). Aflac Inc. has been making payments to Plaintiff pursuant to a Settlement Agreement and Release executed in February 1997. The Agreement was negotiated and executed in Columbus, Georgia, and during that time Plaintiff was a resident of Georgia. According to Defendant, the 1997 Agreement contains a choice-of-law clause that provides the Agreement "shall be governed by the laws of the State of Georgia."[4] *See* (Doc. 13-1). In

---

[4]Neither party has filed a copy of the 1997 Agreement. However, the supplemental motion asserts certain other pertinent facts suggesting that most of the significant events giving rise to this dispute occurred in Georgia: the 1997 settlement agreement was entered into in Georgia; Plaintiff was a resident of Georgia when he signed the agreement; the

5

2010, Porter Bridge Loan Company domesticated a foreign judgment against Plaintiff in the Superior Court of Harris County, Georgia, and thereafter began serving Aflac Inc., in Georgia, with various writs of garnishment. Because substantially all of the events giving rise to this suit occurred in the Middle District of Georgia, the court there[5] has personal jurisdiction of all interested parties, including garnishor, Porter Bridge, and is the appropriate venue to resolve the issues raised by the pleadings.

II.

A.

A motion to dismiss, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, is a motion challenging the court's personal jurisdiction over the defendant. A federal court sitting in diversity must undertake a two-part analysis to determine if it may

---

multiple garnishment actions have been initiated in Georgia courts; the decision by Aflac Inc. to withhold twenty-five percent of the Plaintiff's funds was made in Georgia; the Plan at issue is administered in Georgia; and the garnishee (Porter Bridge) is subject to the jurisdiction of the Georgia courts. Defendant files a second affidavit of Matthew Loudermilk to establish these facts. *See* (Doc. 13-1); *see also* (Doc. 5-1).

[5]Defendant has filed a Notice of Related Action pending in the Middle District of Georgia in which Aflac, Inc. has instituted a declaratory judgment action against Salvador Diaz-Verson, Jr. and Porter Bridge Loan Company, Inc. (Doc. 18). In that action, Diaz-Verson admitted that jurisdiction and venue (over substantially identical issues) are appropriate in the District Court in Georgia, Columbus Division. According to counsel for Aflac Inc., that litigation is fully engaged with depositions scheduled and dispositive motions pending such that the matter is moving forward to completion.

At the hearing on the instant motions, Plaintiff acknowledged that he has counsel representing his interests in the Middle District of Georgia case and that he is able to articulate his position in that litigation regarding the nature of his benefits and his claim that such benefits are exempt from garnishment. Notwithstanding, he urges that he filed his case first in this court and that having to litigate the case in Georgia would be a hardship on him due to the costs involved in traveling to Georgia, as well as the toll on his health.

exercise personal jurisdiction[6] over a nonresident defendant. *Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1214 (11th Cir. 1999); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). The court must first determine whether the Florida long-arm statute provides a basis for personal jurisdiction.[7] *Sculpchair*, 94 F.3d at 626. If it does, the court

---

[6]Personal jurisdiction can be either specific or general. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). General jurisdiction arises from a party's contacts with the forum state that are unrelated to the litigation. *Madara v. Hall*, 916 F.2d 1510, 1516 n.7 (11th Cir. 1990). Specific personal jurisdiction arises from a party's contacts within the forum state that are related to the cause of action. *Id.*

[7]In pertinent part, Florida's long-arm statute provides that:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state;
(b) Committing a tortious act within this state;
(c) Owning, using, possessing, or holding a mortgage or other lien on any real property within this state;
. . .
(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
    1. The defendant was engaged in solicitation or service activities within this state; or
    2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
. . .
(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. §§ 48.193(1) and (2) (1995).

7

must then determine whether sufficient minimum contacts exist between the defendant and Florida so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause to the Fourteenth Amendment. *Sculptchair*, 94 F.3d at 626. Only if both prongs are satisfied may the court exercise personal jurisdiction over the nonresident defendant. *Madara*, 916 F.2d at 1514.

Initially, a plaintiff need only allege sufficient facts to make out a prima facie case of jurisdiction. *Posner*, 178 F.3d at 1214 (citing *Electro Eng'g Prods. Co. v. Lewis*, 352 So. 2d 862, 864 (Fla. 1977)); *Response Reward Sys., L.C. v. Meijer, Inc.*, 189 F. Supp. 2d 1332, 1335 (M.D. Fla. 2002) (citing *Powercerv Tech. Corp. v. Ovid Tech.*, 993 F. Supp. 1467, 1468 (M.D. Fla. 1998)). Upon that showing, the burden shifts to the defendant to support its jurisdictional challenge with affidavits to show that the long-arm statute is inapplicable. *Response Reward Sys.*, 189 F. Supp. 2d at 1335 (citing *Structural Panels, Inc. v. Tex. Aluminum Indus., Inc.*, 814 F. Supp. 1058, 1064 (M.D. Fla. 1993)). If the defendant meets this burden, the plaintiff must then affirmatively support his jurisdictional allegations and may not rely upon the factual allegations in the complaint. *Posner*, 178 F.3d at 1214 (quoting *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)); *Response Reward Sys.*, 189 F. Supp. 2d at 1335. The court must accept the uncontroverted facts alleged in the complaint as true, and where the parties' affidavits conflict, the court must construe all reasonable inferences in favor of the plaintiff. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). If the plaintiff fails to refute the defendant's affidavits with sworn proof to prove jurisdiction, the defendant's motion to dismiss must be granted. *Venetian Salami Co.*, 554 So. 2d at 502.

On the issue of venue, 28 U.S.C. § 1391 provides that a civil action founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in "(1) a judicial district where any defendant resides . . ., (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). However, where a civil action is not founded solely on diversity of citizenship, the action may be brought only in (1) a judicial district where any defendant resides, . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Where a defendant has filed a motion to dismiss based on improper venue, the plaintiff has the burden of establishing venue in the forum is proper. *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004).

An action initiated pursuant to ERISA dictates that jurisdiction is proper, "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Additionally, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

III.

A

The gravamen of Plaintiff's complaint is that Defendant wrongfully withheld his retirement funds. Although seemingly filed as a breach of contract claim, Plaintiff represented at the hearing that his lawsuit seeks this court's interpretation of federal law under ERISA, specifically 29 U.S.C. § 1132,[8] as it applies to the retirement plan of his former employer, Aflac Inc., and his entitlement to benefits thereunder. Whether pled as a contract claim or one for retirement benefits, it is clear that Plaintiff's Complaint is silent on the issue of the court's personal jurisdiction over Aflac Inc., and Plaintiff fails to establish even a prima facie case for personal jurisdiction.

Beyond that consideration, Defendant proffers sworn affidavits supporting that Florida's long-arm statute is inapplicable to it. By this evidence, Aflac Inc. is a parent corporation and conducts no business itself in Florida, nor has it committed a tort in the state, owned real property in the state, caused injury to a person in the state, and has not breached a contract in the state. *See* (Doc. 5-1).

The Eleventh Circuit has stated that, "[g]enerally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business

---

[8] In pertinent part, 29 U.S.C. § 1132 provides that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

10

there." *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1272 (11th Cir. 2002). Where the "subsidiary's presence in the state is primarily for the purpose of carrying on its own business and the subsidiary has preserved some semblance of independence from the parent, jurisdiction over the parent may not be acquired on the basis of the local activities of the subsidiary." *Id.* (citing *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000)). In order to establish jurisdiction over the Defendant here, "Plaintiff must persuade the court that the Florida Subsidiaries are the entities through which the . . . Defendant conduct[s] substantial business activity in Florida." *Meier*, 288 F.3d at 1272. According to the Loudermilk affidavit, American Family Life Assurance Company of Columbus, or "Aflac of Columbus," is a separate corporate entity that is registered to conduct business in Florida; the parent company, Aflac, Inc., is not engaged in any business in the state of Florida. Further, the Loudermilk affidavit establishes that Aflac Inc. is not engaged in other substantial activity in the state. (Doc. 5-1 at 3); *see* § 48.193(2). While Plaintiff attempts to counter Defendant's position, I find his arguments unpersuasive and am obliged to conclude that the court lacks personal jurisdiction necessitating dismissal.

First, Plaintiff proffers the yellow page listing for the AFLAC District Office in Sarasota (Doc. 12 at 7) to counter the Defendant's argument that it does not conduct business in Florida. However, the Defendant's affidavits refute Plaintiff's interpretation of the yellow pages listing. The defense affidavits establish that Aflac Inc. is a separate entity from Aflac of Columbus, which is the entity that conducts business in Florida, including Sarasota. *See* (Docs. 5-1 at 4; 20 at 4, 6). At oral argument, Plaintiff acknowledged having no further proof to counter these affidavits.

11

Alternatively, Plaintiff argues that because the Defendant is a publicly traded company that sells shares of stock to persons in the state of Florida, such activity would subject the Defendant to the personal jurisdiction of Florida's courts. By my consideration, such activity alone cannot be characterized as doing business in the state in contemplation of Florida's long-arm statute, nor does it demonstrate substantial activity within the state. "In order to establish that a non-resident defendant is carrying on a business or business venture in Florida, 'the activities of the [defendant] sought to be served . . . must be considered collectively and show a general course of business activity in the State for pecuniary benefit.'" *Musiker v. Projectavision, Inc.*, 960 F. Supp. 292, 295 (S.D. Fla. 1997) (quoting *Sculptchair*, 94 F.3d at 627). In *Musiker*, the court found that telephone calls made by a chief executive officer of the nonresident corporation to a resident stock purchaser, corporate materials faxed and mailed to a purchaser, and an officer's presentation to stockbrokers at a meeting in Florida did not reflect a general course of business in Florida for pecuniary benefit to be considered as "carrying on a business or business venture" so as to give rise to personal jurisdiction over the officer or corporation under Florida's long-arm statute. *Musiker*, 960 F. Supp. at 295. Plaintiff proffers significantly less here with only his statement that Defendant's stock is publicly traded in the State of Florida. Notwithstanding, even if the sale of stock in Florida could be considered to satisfy a prong of the long-arm statute, such activity alone, as discussed below, does not satisfy the second prong of the jurisdictional analysis, namely that the Defendant must have sufficient minimum contacts with the forum state to reasonably expect to be haled into court here in circumstances where the sale of stock has nothing to do with the Plaintiff's cause of action.

Lastly, Plaintiff argues that Aflac Inc. breached a contract in this state because he was to receive benefits payable to him in Florida, and therefore the provisions of the long-arm statute are satisfied. It is true that "[u]nder Florida law, allegations by a plaintiff that a defendant breached a contract by not making payments in Florida, as required by contract, are sufficient to bring the defendant within Florida's long-arm jurisdiction." *Pacific Coral Shrimp v. Bryant Fisheries*, 844 F. Supp. 1546, 1548-49 (S.D. Fla. 1994) (citing *Links Design, Inc. v. Lahr*, 731 F. Supp. 1535 (M.D. Fla. 1990); *Lasar Elec. Contractors, Inc. v. C.E.S. Indus., Inc.*, 573 So. 2d 1081 (Fla. Dist. Ct. App. 1991)). However, here there is no evidence that the contract *provided for* payments to be made in the State of Florida such that there would be a breach in Florida. On this issue, I concur with the Defendant that any breach, if there was one, was in the Defendant's decision, made in Georgia, to withhold sending Plaintiff the funds and instead sending them to the garnishor and/or to a court registry in Georgia. Again, even if the court were to conclude that Aflac Inc. breached a contract in Florida because it did not send certain benefits to Plaintiff who happened to be in Florida, a payment to be made in the state, standing alone, is an insufficient basis to establish minimum contacts with the State of Florida by a nonresident. *See, e.g., Quality Christmas Trees Co. v. Florico Foliage, Inc.*, 689 So. 2d 1222 (Fla. Dist. Ct. App. 1997). Accordingly, personal jurisdiction would not be met in any event for failure to satisfy the second prong of the analysis.

Even if Plaintiff were able to establish the Florida long-arm statute provides a basis for personal jurisdiction, Plaintiff must still demonstrate Aflac Inc. has sufficient minimum contacts with Florida to satisfy notions of fair play and substantial justice. In this circuit, to demonstrate sufficient minimum contacts, a plaintiff must demonstrate that (1) the contacts

13

relate to his cause of action; (2) the contacts involve some act by which the defendant purposely avails himself of the privilege of conducting activities in the forum state; and (3) the defendant's contacts with the forum state must be such that the defendant should reasonably anticipate being haled into court there. *Posner v. Essex Ins. Co. Ltd.* 178 F.3d 1209, 1228 (11th Cir.1999); *Vermeulen v. Renault, U.S.A., Inc*. 985 F.2d 1534, 1546 (11th Cir. 1993). Here again, Plaintiff proffers no evidence to counter the sworn affidavits proffered by Defendant. At the hearing, he urged that the sale of Aflac Inc.'s stock to persons in Florida is sufficient. However, under this standard, the contacts must relate to Plaintiff's cause of action and here they do not. Nor has Plaintiff adequately demonstrated that Aflac Inc. acts to purposely avail itself, as opposed to a subsidiary, of the privilege of conducting business in Florida. While Plaintiff has received his benefits in Florida for years, that alone is insufficient to create the reasonable expectation in Aflac Inc. that it will be haled into a Florida court by reason of that circumstance alone. As set forth above, where a plaintiff fails to refute the defendant's affidavits with sworn proof to prove jurisdiction, the defendant's motion to dismiss must be granted. *Venetian Salami Co.*, 554 So. 2d at 502.

B.

Assuming that Plaintiff could adequately state a claim under ERISA, the same result pertains. ERISA dictates that jurisdiction is proper under the Act, "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). There appears no dispute that the retirement plan at issue is *not* administered in the State of Florida, but rather in Georgia. As discussed above, the alleged breach, if any, occurred with Aflac Inc.'s decision to withhold a percentage of benefits

under the writs of garnishment and not to send the full amount of benefits to Plaintiff.  Again, it appears undisputed that this decision was made in Georgia, not Florida.  As for where Defendant, Aflac Inc., "resides," the court may look to the definition set forth in 28 U.S.C. § 1391 which has been utilized in determining an ERISA defendant's residence as well.  *See Flowers Indus., Inc. v. Bakery & Confectionery Union*, 565 F. Supp. 286, 289-90 (D.C. Ga. 1983); *McCracken v. Auto. Club of S. Cal.*, 891 F. Supp. 559, 562 (D. Kan. 1995).  Section 1391 provides in pertinent part:

> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. . . .

28 U.S.C. § 1391(c).  As set forth above, I have concluded that Aflac Inc. is not subject to personal jurisdiction in this state.

Thus, even if the Complaint adequately alleged a claim under ERISA, I am obliged to recommend that the case be dismissed for lack of personal jurisdiction.

C.

On the issue of venue raised in Defendant's supplemental motion to dismiss (Doc. 13), Plaintiff's arguments similarly fail.  Defendant here argues that Plaintiff's claims should be dismissed under 28 U.S.C. § 1406 because Aflac Inc. is not a resident of Florida and because a substantial part of the events or omissions giving rise to the claim did not occur in Florida.  Alternatively, Plaintiff's claims should be transferred to the Middle District of Georgia pursuant to 28 U.S.C. § 1404, again because substantially all of the pertinent events occurred there and it is the most convenient forum.

The provisions of 28 U.S.C. § 1406(a) provide that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, for the reasons set forth above, I also conclude that venue does not lie in this court and dismissal is appropriate.

As noted above, under 28 U.S.C. § 1391(a) or (b), venue is proper where a defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or where a defendant is subject to personal jurisdiction or can be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. §§ 1391(a), (b). Defendant Aflac Inc. resides in Georgia and substantially all of the significant events occurred in Georgia, not Florida. Further, personal jurisdiction is lacking in Florida, and in any event, there is another district, i.e., the Middle District of Georgia, where the action is properly brought. "For ERISA venue purposes, a defendant may be found 'in any district in which its minimum contacts would support the exercise of personal jurisdiction.'" *Pikas v. Williams Cos.*, 542 F. Supp. 2d 782, 787 (citing *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 646 (6th Cir. 2006)). As stated, where venue does not lie in this district, the court may alternatively transfer the case to a district having venue. The parties have apprised the court of the course of proceedings in Georgia, and in light of the stage of those proceedings (*see* n.5, *supra*), I think it better that the case here be dismissed, rather than transferred. Mr. Diaz-Verson asserted a counterclaim against Aflac Inc. in that litigation which he thereafter voluntarily dismissed. Notwithstanding, according to representations of the parties, Plaintiff's claims raised by the instant litigation appear to be squarely before the Middle District of Georgia

16

court by the pleadings filed therein. Thus, transfer would appear to serve no useful purpose where that case is beyond the preliminary pleading stage and dispositive motions are pending.

IV.

Based on the foregoing reasons, I recommend Defendant Aflac Incorporated's Motion to Dismiss (Doc. 5) and Defendant Aflac Incorporated's Supplemental Motion to dismiss (Doc. 13) be **granted**, and this matter be dismissed with each party to bear its own fees and costs. I further recommend the Clerk be directed to close the case.

Respectfully submitted on this
11th day of January 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
The Honorable Elizabeth A. Kovachevich, United States District Judge
Counsel of Record
Unrepresented parties